UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM L. GREEN and MYA R. GREEN,

    Plaintiffs,

v.                                                          Case No: 5:23-cv-62-MMH-PRL

U.S. DOJ OFFICE OF
PROFESSIONAL RESPONSIBILITY,
DEPARTMENT OF VETERANS
AFFAIRS, UNITED STATES
ATTORNEY GENERAL, U.S. DOJ
CIVIL RIGHTS DIVISION, UNITED
STATES ATTORNEYS OFFICE
SEATTLE, UNITED STATES COURT
FOR THE NINTH CIRCUIT OF
APPEALS, WESTERN
WASHINGTON DISTRICT AT
TACOMA and JOHN DOES,

    Defendants.

_____

REPORT AND RECOMMENDATION[1]

On January 25, 2023, *pro se* Plaintiffs William L. Green and Mya R. Green filed this complaint against several federal government defendants, including the Department of Justice's Office of Professional Responsibility, and the Ninth Circuit Court of Appeals. (Doc. 1).[2] Plaintiffs' complaint appears to arise out of William unsuccessfully appealing the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Plaintiffs moved to amend their complaint in an attempt (they state) to reach an agreement

dismissal of his claims for inadequate medical care in the Navy and his and Mya's several interactions with law enforcement officers. Defendants have moved to dismiss Plaintiffs' complaint, arguing, *inter alia*, that this Court lacks jurisdiction over this action which seeks impermissible appellate review of the Western District of Washington's and the Ninth Circuit's decisions. (Doc. 13). Plaintiffs have responded. (Doc. 17). Because it appears that the Court lacks jurisdiction over the complaint which suffers from several deficiencies, I submit that the Court should grant the defendants' motion and dismiss this action.

## I.  BACKGROUND

According to the thirty-five-page complaint, this action arises out of "litigation within the Western Washshinton [sic] Federal District Court at Tacoma and the Ninth Circuit Court of Appeals, while the plaintiff's [sic] were living at 4200 Chanting Circle SW. Port Orchard, WA 98367[.]" (Doc. 1 at 4). As Plaintiffs' complaint lays out, and as Defendants explain, the facts alleged by the complaint have already been brought in three separate cases in the U.S. District Court for the Western District of Washington, and the Ninth Circuit Court of Appeals. (Doc. 1 at 5); *Green v. Dinucci et al.*, 3:18-cv-05800-RBL (W.D. Wash. Apr. 10, 2019) (*Green I*); *Green v. United States of America*, 3:18-cv-05804-RBL (W.D. Wash. Mar. 1, 2019) (*Green II*); *Green v. Department of Veterans Affairs et al.*, 3:20-cv-05249-BHS (W.D. Wash. July 11, 2023) (*Green III*). For example, the plaintiffs' current complaint asserts claims based on police officers responding to a reported terror threat made by William on April 16, 2019—the same claims that were dismissed in *Green III*. (Doc. 1 at 17–18); *Green III*, 3:20-cv-05249-BHS

---

with the defendants so that they would not file the instant motion to dismiss. (Doc. 15). Despite Plaintiffs' hope, Defendants' filed their motion to dismiss. As a result, Plaintiffs have moved to withdraw their motion to amend. (Doc. 16). Accordingly, the motion to withdraw (Doc. 16), is **granted**, and the motion to amend (Doc. 15), is **denied as moot**. The **Clerk is directed** to terminate the motion to amend (Doc. 15).

(Doc. 31 at 31, Doc. 56 (noting that these issues had were decided on the merits, including due to failure to exhaust, collateral estoppel or issue preclusion, failure to state a claim, and collateral estoppel or issue preclusion)).

To the extent that Plaintiffs attempt to re-assert claims, they allege that Mya's claims are now cognizable because she is an adult, and that generally there is some conspiracy going on between the defendants. (Doc. 1 at 10). For example, the plaintiffs generally assert that "[t]he Ninth Circuit Court of Appeals would conspire with the District Court while it lacked jurisdiction to conduct an undocumented, unwarranted and targeted review to remove the plaintiff's [sic] minor aged daughter at the time of its order, from the complaint, in violation of its own Circuit Rules with the intent to circumvent state claims and the Feres Doctrine; denial of Plaintiff's [sic] rights to be heard under Federal Rules of Evidence Rule 201 under a procedural ruling in case 22-35022 on the 21st [sic] of March 2022." (Doc. 1 at 10–11).

## II.   LEGAL STANDARDS

A *pro se* complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519 (1972). Even so, the complaint must meet certain pleading requirements. Under Rule 12(b)(6), a complaint that fails to "state a claim upon which relief can be granted" is subject to dismissal. In reviewing a motion to dismiss, a court considers the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007). To withstand a motion to dismiss, the complaint must state a claim to relief that is plausible on its face; that is, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A pleading that offers only

"labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Further, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the court cannot "infer more than the mere possibility of misconduct," the complaint does not show entitlement to relief. *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

As an initial matter, as the defendants argue, the complaint is a shotgun pleading. Complaints violating Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23.

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v.*

*Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement under Rule 12(e). *Paylor v. Hartford Fire Ins. Co.* 748 F.3d 1117, 1126 (11th Cir. 2014).

Here, the complaint is an impermissible shotgun pleading. The complaint contains a litany of vague, conclusory, and immaterial facts, for example, "[i]f someone with access to plaintiff's [sic] record conducted an exam for competency and/or the plaintiff's [sic] ability to manage his finances, the plaintiff [sic] is entitled to know who conducted it and what regulations or policy authorized it." (Doc. 1 at 26). Further, the complaint realleges all of the facts when asserting forty-five counts against all of the defendants. (Doc. 1 at 30-35). Finally, the collection of grievances culminating in all of these counts makes it incredibly difficult to discern what, if anything, caused Plaintiffs harm; what harms were caused, if any; what conspiratorial conduct caused the plaintiffs harm; and the individual or entity that caused it. Accordingly, the complaint should be dismissed as a shotgun pleading.

Next, the complaint should be dismissed because as the defendants assert, this Court does not have jurisdiction over this action. Appeals of district court decisions may only be reviewed by the "court of appeals for the circuit embracing the district[.]" *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 986 (11th Cir. 1982) (citing 28 U.S.C. § 1294(1)). A district court in another circuit cannot generally review the final order of another district court or circuit court of appeals. *See id.* Here, Plaintiffs seek review of final decisions of the Ninth Circuit Court of Appeals and the Western District of Washington. (Doc. 1 at 29)

("The dismissal of this action while on appeal within the 9th [sic]Circuit Court of Appeals was made by the clerk under a procedural ruling")[3]; *see, e.g.*, *Green III*, 3:20-cv-05249-BHS (Doc. 31 at 31, Doc. 56 (noting that these issues had were decided on the merits, including due to failure to exhaust, collateral estoppel or issue preclusion, failure to state a claim, and collateral estoppel or issue preclusion)).

Further, Plaintiffs' complaint raises issues that were previously addressed by final decisions of the Western District of Washington and the Ninth Circuit Court of Appeals. *See, e.g.*, *Green III*, 3:20-cv-05249-BHS (Doc. 31 at 31, Doc. 56 (noting that these issues had were decided on the merits, including due to failure to exhaust, collateral estoppel or issue preclusion, failure to state a claim, and collateral estoppel or issue preclusion), Docs. 139 & 140 (dismissing APA claim with prejudice)). As the defendants' note, it is imprecise to what extent Plaintiffs raise issues that are beyond the scope of the previous court orders, but it is apparent that the majority of their claims have already been litigated (such as the April 16, 2019, police incident)). Moreover, Plaintiffs have been given a full and fair opportunity to participate in these proceedings, as demonstrated by the courts' records. Accordingly, I submit that Plaintiffs' claims are barred by collateral estoppel or issue preclusion.

Finally, to the extent that Plaintiffs attempt to raise new claims, the defendants correctly assert that they have immunity from the plaintiffs' claims. For example, the Western District of Washington and the United States Court of Appeals for the Ninth Circuit each have judicial immunity from Plaintiffs' claims. *See Wash. Mut. Bank v. Bush*, 220 Fed. App'x

---

[3] It is unclear if Plaintiffs are referring to *Green III*, but regardless, it appears that there, the court addressed the several substantive denials with prejudice of Plaintiffs' claims, including the granting of a motion for summary judgment on Williams' APA claim for which he lacked evidence. *Green III*, 3:20-cv-05249-BHS (Docs. 56, 124, 139, 140).

974, 975 (11th Cir. 2007) ("Judicial immunity applies when (1) the judge deal[t] with the plaintiff in his judicial capacity" and (2) the judge did not act 'in the clear absence of all jurisdiction.'" (quoting *Dykes v. Hosemann*, 776, F.2d 942, 945 (11th Cir. 1985)). Further, as Defendants argue, Plaintiffs' remaining claims all appear to be tort claims, which they enjoy sovereign immunity from.[4] Instead, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2674, 2679, "[t]he only proper defendant is the United States." *Meszaros ex rel. Meszaros v. United States*, No. 8:05CV1214T30TGW, 2006 WL 1528939, at *5 (M.D. Fla. June 2, 2006) (citing 28 U.S.C. §§ 2674 and 2679). Accordingly, I submit that the defendants are entitled to sovereign immunity from Plaintiffs' claims.

## IV.   RECOMMENDATION

Accordingly, for the above stated reasons, I recommend that the defendants' motion to dismiss (Docs. 13) be **granted**.

Recommended in Ocala, Florida on August 18, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] The forty-five counts include claims for intentional and negligent infliction of emotional distress, "[m]alicious harm to another[,]" and "[f]uture injury from present tortious personal injury[.]" (Doc. 1 at 31).