## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

WILLIAM L. GREEN and
MYA R. GREEN,

        Plaintiffs,

vs.                               Case No. 5:23-cv-62-MMH-PRL

UNITED STATES DEPT. OF
JUSTICE OPR, et al.,

        Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 26; Report), entered by the Honorable Philip R. Lammens, United States Magistrate Judge, on August 18, 2023.  In the Report, Judge Lammens recommends that Defendants' Motion to Dismiss (Dkt. No. 13; Motion) be granted and that the case be dismissed.  See Report at 2, 7.  On September 3, 2023, Plaintiffs filed objections to the Report.  See Plaintiffs' Objections to the Honorable Magistrate Judge Philip R. Lammens' Report and Recommendations Factual Findings and Legal Conclusions at Docket 26 Dated 18 August 2023 (Dkt. No. 28; Objections).  Thus, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1.[1]  As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice.  See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so.  See Report at 1 n.1.

In the Objections, Plaintiffs repeat many of the arguments set forth in Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss (Dkt. No. 17).  However, they fail to identify any legal or factual error in the Magistrate Judge's analysis.  To the extent they continue to rely on Rule 60 for the proposition that they have properly brought an "independent action" in this Court, the argument is unavailing.  First, Plaintiffs cannot use a Rule 60 "independent action as a vehicle for relitigation of issues." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985).  Second, Plaintiffs have utterly failed to show that this action presents the type of exceptional circumstances necessary to warrant application of Rule 60 and thereby avoid application of the doctrine of res judicata.  See Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1359 (11th Cir. 2014) (resort to independent actions under Rule 60 is "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from the rigid adherence to the doctrine of res judicata") (quoting United States v. Beggerly, 524 U.S. 38 (1998)).  And third, Plaintiffs have failed to show that they could satisfy the elements of a proper Rule 60 claim.  See Aldana, 741 F.3d at 1359 (listing the requisite elements).

Upon review of the record and the applicable authority, the Court concludes that the Objections are due to be overruled, and the Magistrate Judge's Report is due to be accepted and adopted as the opinion of the Court.[2]

In light of the foregoing, it is hereby

**ORDERED:**

1. Plaintiffs' Objections to the Honorable Magistrate Judge Philip R. Lammens' Report and Recommendations Factual Findings and Legal Conclusions at Docket 26 Dated 18 August 2023 (Dkt. No. 28) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 26) is **ADOPTED** as the opinion of the Court.

3. Defendants' Motion to Dismiss (Dkt. No. 13) is **GRANTED**.

4. This case is **DISMISSED**.

---

[2] Because Plaintiffs are proceeding pro se, before dismissing an action based on a finding that the operative complaint is a shotgun pleading, the Court ordinarily would instruct Plaintiffs as to the pleading deficiencies and provide them with an opportunity to file an amended complaint. However, because Plaintiffs cannot state a valid claim over which this Court has jurisdiction or which is not otherwise barred, the Court need not do so here.

5.  The Clerk of Court is directed to enter judgment dismissing this case, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Chambers this 3rd day of October, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Parties